BLANK ROME LLP
Attorneys for Plaintiff
LeRoy Lambert (LL 3519)
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| NYKCOS CAR CARRIER CO. LTD., | |
|---|---|
| Plaintiff, | 08 Civ. **08 CIV 7664** |
| -against- | |
| DATCA MARITIME INC., | **VERIFIED COMPLAINT** |
| Defendant. | |

JUDGE SAND

Plaintiff, NYKCOS CAR CARRIER CO. LTD. ("Plaintiff"), by its attorneys Blank Rome LLP, complaining of the above-named Defendant, DATCA MARITIME INC. ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a Chinese company with an office in Guangzhou, China.

3. At all material times, Defendant was and is a foreign corporation or other business entity organized under the laws of Republic of Marshall Islands or another foreign nation with its

offices at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, MH96960, Marshall Islands and no place of business in the United States.

4. Pursuant to a time charter dated July 11, 2007 ("the Charter") and subsequent addendums thereto, Plaintiff chartered the M/V DATCA ("the Vessel") from Defendant for a period of 24 months with an option for a further period of 12 months.

5. During the Charter, disputes arose between Plaintiff and Defendant about the amount of charter hire and other amounts due to Defendant.

6. As a result of these disputes, Plaintiff has overpaid Defendant the following amounts.

| Description | Amount |
| --- | --- |
| Hire | $560,386.88 |
| Diesel oil supplied by Plaintiff during off-hire periods | $131,427.57 |
| Value of bunker fuel remaining on board at redelivery | $300,937.40 |
| **Total** | **$992,751.85** |

7. Plaintiff has demanded that Defendant pay Plaintiff the above amounts, but Defendant has failed and/or refused to do so.

8. The Charter provides for arbitration of disputes in London. Plaintiff reserves its right to arbitrate the disputes, pursuant to 9 U.S.C. § 8.

9. Maritime Arbitrators in London award interest, legal fees and arbitral costs to a successful party. Plaintiff estimates: recoverable interest will amount to at least $238,000 at a rate of 8% per year for at least 3 years; recoverable arbitral costs will be incurred in pursuing its

claim against Defendant in the sum of at least $150,000; and recoverable legal expenses will be incurred in the sum of at least $250,000, amounting in all to recoverable interest and expenses of at least $638,000.

10. The total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is $1,630,751.85.

11. Plaintiff has commenced an action in Singapore to obtain security for this claim as well, but, to date, no amount has been secured.

12. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to electronic fund transfers, because Defendant conducts business internationally in U.S. Dollars, and all electronic fund transfers are processed by intermediary banks in the United States, primarily in New York, because Defendant conducts business internationally in U.S. Dollars, and all electronic funds transfers are processed by intermediary banks in the United States, primarily in New York.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant

to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendant up to the amount of !The Formula Not In Table to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

  C. That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

  D. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
   August 29, 2008

          Respectfully submitted,
          BLANK ROME, LLP
          Attorneys for Plaintiff

          By _____
            LeRoy Lambert (LL-3519)
          Thomas H. Belknap, Jr. (TB-3188)
          The Chrysler Building
          405 Lexington Avenue
          New York, NY 10174-0208
          (212) 885-5000

## VERIFICATION

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

LeRoy Lambert, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
LeRoy Lambert

Sworn to before me this
29th day of August

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

BLANK ROME LLP
Attorneys for Plaintiff
LeRoy Lambert (LL 3519)
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NYKCOS CAR CARRIER CO. LTD., <br><br> Plaintiff, <br><br> -against- <br><br> DATCA MARITIME INC., <br><br> Defendant. | 08 Civ. <br><br> **AFFIDAVIT PURSUANT TO** <br> **SUPPLEMENTAL RULE B** |

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NEW YORK  )

LeRoy Lambert, being duly sworn, deposes and says:

1.  I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome LLP, attorneys for the Plaintiff NYKCOS CAR CARRIER CO. LTD. ("Plaintiff") herein. I am familiar with the circumstances of the Verified Complaint and submit this affidavit in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of Defendant, DATCA MARITIME INC. ("Defendant"), a foreign corporation, pursuant to Supplemental Rule B For Certain Admiralty and Maritime Claims of the Federal Rules of the Federal Rules of Civil Procedure.

2. Defendant is a party to the maritime contract of charter party on which this claim is based, and is a foreign corporation or other business entity organized and existing under the laws of England or another foreign jurisdiction.

3. Under my supervision, my office conducted a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

_____
LeRoy Lambert

Sworn to before me this
29th day of August, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

2